FILED

Catherine Mendez

15181 Van Buren Blvd. Sp 89

Riverside CA, 92504

(951) 515-0884

2022 MAR 14  AM 10: 30

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
RIVERSIDE

BY _____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORINA

| CATHERINE MENDEZ, JAMARI CARTER, AND CHASITY DOLL | COMPLAINT FOR DAMAGES |
|---|---|
| Plaintiff, | ED CV22 - 00452 - AB (RAO) |
| vs. | 1. Fourth Amendment Violation (42 U.S.C.§ 1983) |
| COUNTY OF RIVERSIDE, OFFICER MONGES, OFFICER BODNAR, OFFICER HERWERK, AND OFFICER RODGRIGUEZ | 2. Municipal Liability for Constitutional Violation (42 U.S.C.§ 1983) |
| Defendant | 3. Fourteenth Amendment Violation (42 U.S.C.§ 1983) |
| | **DEMAND FOR JURY TRIAL** |

**COME NOW**, PLAINTIFFS CATHERINE MENDEZ, JAMARI CARTER AND CHASITY DOLL, ALLEGE AS FOLLOWS:

## I.

## JURISDICTION

1.    This civil action is brought for the redress of alleged deprivation of constitutional rights as protected by on 42 U.S.C § 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. § § 1331 and 1343(1). (2), (3), and (4), and the aforementioned statutory and Constitutional provisions.

## II.

### VENUE

2.  Venue is proper in the Central District of California. The injury occurred in the County of Riverside, California. On information and belief, the plaintiffs alleges that defendants reside within the jurisdictional limits of this court.

## III.

### <u>PARTIES</u>

3.  Plaintiffs are individuals who at all times resided in the State of California, County of Riverside.

4.  Plaintiffs CATHERINE MENDEZ, JAMARI CARTER, AND CHASITY DOLL are suing for violations of their civil rights under 42 U.S.C §1983.

5.  At all times mentioned herein, defendants, and each of them were and now are residents of the County of Riverside, California.

6.  At all times mentioned herein, defendants, COUNTY OF RIVERSIDE, is and at all times mentioned herein, was a duly organized public entity, form unknown, and existing under the laws of the State of California.

7.  Plaintiffs are informed and believe, and upon such information alleges that defendant OFFICER MONGES, is, and at all times herein mentioned was an individual residing in the County of Riverside, State of California, and that at all relevant to this Complaint, is, and was, a duly appointed and acting as an officer of the Riverside County Sheriff's Department, acting under color of law, to wit, under color of the statues. ordinances, regulations, polices, customs and usages of the County of Riverside and/or the State of California.

8.  Plaintiffs are informed and believe, and upon such information alleges that defendant OFFICER BODNAR, is, and at all times herein mentioned was an individual residing in the County of Riverside, State of California, and that at all relevant to this Complaint, is, and was, a duly appointed and acting as an officer of the Riverside County Sheriff's Department, acting under color of law, to wit,

1  under color of the statues. ordinances, regulations, polices, customs and usages of
2  the County of Riverside and/or the State of California.

3  9.   Plaintiffs are informed and believe, and upon such information alleges that
4  defendant OFFICER HERWERK, is, and at all times herein mentioned was an
5  individual residing in the County of Riverside, State of California, and that at all
6  relevant to this Complaint, is, and was, a duly appointed and acting as an officer
7  of the Riverside County Sheriff's Department, acting under color of law, to wit,
8  under color of the statues. ordinances, regulations, polices, customs and usages of
9  the County of Riverside and/or the State of California.

10  10.   Plaintiffs are informed and believe, and upon such information alleges that
11  defendant OFFICER RODGRIGUEZ, is, and at all times herein mentioned was an
12  individual residing in the County of Riverside, State of California, and that at all
13  relevant to this Complaint, is, and was, a duly appointed and acting as an officer
14  of the Riverside County Sheriff's Department, acting under color of law, to wit,
15  under color of the statues. ordinances, regulations, polices, customs and usages of
16  the County of Riverside and/or the State of California.

17  11.   Defendant, COUNTY OF RIVERSIDE, is and at all times herein mentioned
18  was, a municipality organized and existing under the laws of the State of
19  California with its principal place of business in the County of Riverside, State of
20  California.

21  12.   Plaintiffs are informed and believe, and upon such information and belief,
22  alleges that each of the Defendants was and is the agent and/or employee of the
23  remaining Defendants, and each of said defendants was at all times acting within
24  the purpose and scope of said agency and/or employment.

25  13.   The true names and capacities of Defendants sued herein as DOES 1
26  through 10, inclusive, are unknown to Plaintiffs who therefore sues said
27  Defendants by such fictitious names. Plaintiffs will seek leave of the Court to
28  amend this Complaint to insert the true names and capacities of these fictitiously

1   names. Defendants when the same have been ascertained. Plaintiff is informed

2   and believes, and thereon alleges that each of the Defendants sued herein as

3   DOES 1 through 10, inclusive, are responsible in some manner for the damages

4   alleged.

5   14.   At all times mentioned herein, all defendants, named and unnamed, were

6   and now are duly appointed officers and/or employees or agents of the COUNTY

7   OF RIVERSIDE, subject to oversight and supervision by the COUNTY OF

8   RIVERSIDE's elected and non-elected officials.

9   15.   At all times mentioned herein, each and every defendant and had the legal

10  duty to oversee and supervise the hiring, conduct and employment of each and

11  every defendant herein.

12  16.   In doing the acts and failing and omitting to act as hereinafter described,

13  defendants, and each of them, were acting on the implied and actual permission

14  and consent of the COUNTY.

**IV.**

**FACTS COMMON TO ALL COUNTS/CAUSES OF ACTION**

17  17.   Plaintiffs re-alleges and incorporates by references all factual contents of

18  paragraphs 1 through 16 herein.

19  18.   On or about August 19, 2020, at 54150 Kalsman Dr., Whitewater, County of

20  Riverside, California, defendant OFFICER MONGES, failed to protect Plaintiffs

21  Constitutional Right, discriminated, harassed and falsified a police report, in

22  violation of their civil right under the fourteenth amendment.

23  19.   Law enforcement was called due to a hate crime being committed on Carter.

24  Carter was called a "nigger" and his next-door neighbor, Jorge Villa, committed a

25  hate crime by physically felony assaulting Carter. The officer that responded to

26  the Plaintiffs dismissed their complaint and were told by OFFICER MONGES "to

27  move" out of their house.

28  20.   OFFICER MONGES treated Carter and Mendez like criminals and he was

racially discriminating against them, which went against the Civil Rights Act of 1964. Carter wanted to press charges, but the officer told them that if they wanted to press charges, that Carter will go to jail too. Carter had a very big contusion a half an inch above his temple, many bruises and was lethargic. He had headaches and dizzy spells over the course of a few days. Carter could have been killed and the police department acted unprofessionally and did not give him the same protection under law by allowing Carter to press charges and tried to persuade him not to press charges.

21.     OFFICER MONGES falsified the initial police report and portrayed the hate crime as a mutual fight, which was never stated to MONGES when he was initially called out on August 19, 2020. Carter was racially attacked and signaled out because of his race. The officer did not take pictures of Carter's wounds, but pictures were taken the same day of his injuries

22.     The Riverside County Sheriff's Department willfully failed to send the charges to the DA's office for prosecution of Carters assailant in the hate crime. Law enforcement did not protect their rights and they willfully neglected their civil rights by not giving them the same protection under the law. This has led to further harassment by Jorge Villa, with the continuance of throwing urine and feces into their yard and leaving racial derogatory signs into their yard.

23.     As direct result of the defendant's, OFFICER MONGES, violation of the Fourteenth Amendment, CATHERINE MENDEZ, JAMARI CARTER, and CHASITY DOLL plaintiffs suffered injuries and damages.

24.     On May 23, 2021, at 54150 Kalsman Dr, Whitewater, California, Jorge Villa's, adult stepson shattered out the windows in our car, with a metal object, while Carter and Mendez were backing into their driveway. The stepson was with the neighbor who lives across the street. They were walking around Carter with the metal object, trying to intimidate him. Carter spat on the floor, and the neighbor who lives across the street, walked up to Carter and spat in his face.

1   OFFICER HERWERK responded. Carter was threated once again if he wanted to
2   file charges, he will also go to jail with no proof of my breaking any law once
3   again. The police gave no relief. A few days later, the Jorge Villa's other adult
4   stepson, told Mr. Carter he is going to shoot him. Again, after calling the police,
5   the police did not help but instead harassed him by serving Carter with a
6   restraining order. Carter and Mendez went the next day to get a restraining order
7   against the neighbor, but it was denied. The police failed and refused to protect
8   the Plaintiffs after many calls for help. The Riverside County Police department
9   also charge Carter with a petty theft with no proof, but the charges were
10  dismissed adding to the harassment.

11  25.   As direct result of the defendant's, OFFICER HERWERK, violation of the
12  Fourteenth Amendment, CATHERINE MENDEZ, JAMARI CARTER, and
13  CHASITY DOLL plaintiffs suffered injuries and damages.

14  26.   On March 30, 2021, at or near the Alternative interstate 10 road between
15  Whitewater Rd and Cabazon Rd, OFFICER BODNAR, OFFICER RODRIGUEZ,
16  and OFFICER HERWERK, unlawfully detained, arrested, and applied objectively
17  unreasonable and excessive amounts of force upon plaintiff Jamari Carter, in
18  violation of his civil rights under the Fourth and Fourteenth Amendment.

19  27.   Plaintiffs are informed and believe that COUNTY employees, OFFICER
20  BODNAR, OFFICER RODRIGUEZ, and OFFICER HERWERK, inclusive, without
21  probable cause, reasonable suspicion, or a warrant, used excessive force against
22  the Plaintiff, JAMARI CARTER, including pulling him over by four police cars
23  and six police officers, two officers had aggressively pointed their guns at him and
24  detaining him without probable cause.

25  28.   Without asking any question to plaintiff Jamari Carter, defendants,
26  OFFICER BODNAR, OFFICER RODRIGUEZ, and OFFICER HERWERK,
27  commanded plaintiff Jamari Carter to come out of his car.

28  29.   The Plaintiffs are informed and believe that OFFICER BODNAR,

1  OFFICER RODRIGUEZ, and OFFICER HERWERK, racially profiled,

2  discriminated against and falsely arrested the Plaintiff. The Plaintiff was not cited

3  for any wrongdoing because he did nothing wrong. The police responded to him in

4  excessive and unreasonable force. This form of excessive force endangered the

5  Plaintiff's life as we have seen in recent years about Black people dying at the

6  hands of Police Officers who used excessive force. These action and inaction by the

7  defendants shock the conscience and demonstrate a deliberate indifference and

8  conscious disregard for the plaintiff's life, liberty and well-being.

9  30.    Plaintiff was not a threat. Plaintiff did not pose a threat to any of the

10  defendants or anyone else. This was a show of misuse of police authority. The

11  force used against the plaintiff and the arrest of the plaintiff was done by the

12  involved officers under color of authority and without justification. Officer J.

13  Bodnar searched his car for any guns without probable cause. There is a voice

14  recording of part of the incident, as well as a picture of the Officers pointing guns

15  at him. The incident could have gone the wrong way fast and could have resulted

16  in the police killing of Carter.

17  31.    The defendants' actions were objectively unreasonable under the

18  circumstances and done in bad faith to intentionally harm the plaintiffs in

19  conscious disregard of the plaintiffs' rights and with deliberate indifference to his

20  health and wellbeing.

21  32.    As a direct result of the defendants', OFFICER BODNAR, OFFICER

22  RODRIGUEZ AND OFFICER HERWERK, violations of Carter's Fourteenth

23  Amendment and Fourth Amendment, and excessive force applied against JAMARI

24  CARTER, plaintiff suffered injuries and damages.

25  33.    On April 6, 2021, the JAMARI CARTER was driving, with his son in the

26  car, on the dirt road behind his home near 54150 Kalsman Dr, Whitewater

27  California, CARTER was suddenly stopped by OFFICER BODNAR, for no reason.

28  He questioned him and eventually let him go. There was no ticket issued for any

1   violation or criminal charge. He was unlawfully stopped by police again. This is a

2   continue occurrence of police harassment Carter endured. On April 9, 2021, the

3   Riverside County Sheriff department killed a man near the Whitewater Canyon

4   road. It is proven that the police are too willing to kill people and that could have

5   been Carter. We are seeking monetary compensation for the violation of civil

6   rights and pain and suffering.

7   34.    As direct result of the defendant, OFFICER BODNAR, violation of the

8   Fourteenth Amendment and Fourth Amendment, JAMARI CARTER, plaintiff

9   suffered injuries and damages.

10   35.    On September 1, 2021, Riverside County Sheriffs served the Plaintiffs with

11   a notice to vacate their home by September 7, 2021, during Covid- 19 eviction

12   protection laws. Plaintiffs were vacated by the date and had to move the house by

13   themselves. The physically act of moving and the emotional stress cause Chasity

14   Doll and Jamari Carter to deliver a seven-month stillborn son on September 26,

15   2021. It further endangered the child that Catherine Mendez was carrying and

16   her life. She was five months pregnant at the time, which led to a low birth weight

17   of the child.

18   36.    As a direct result of the defendant's unlawful eviction, CATHERINE

19   MENDEZ, JAMARI CARTER AND CHASITY DOLL, plaintiffs suffered injuries

20   and damages.

21                                          V.

22                        **FIRST CAUSE OF ACTION**

23                      **DEPRIVATION OF CIVIL RIGHTS**

24          **FOURTH ADMENDMENT VIOLATION OF RIGHTS**

25            **OF UNREASONABLE SEARCH AND SEIZURE**

26                            **42 U.S.C. §1983**

27   (AGAINST DEFENDANTS OFFICER MONGES, OFFICER BODNAR, OFFICER

28                    RODRIGUEZ, AND OFFICER HERWERK)

37.     Plaintiffs re-allege and incorporate by reference all factual contents of
paragraphs 1 through 36 and incorporates them herein as though set forth at
length in their entirely.

38.     This action arises under the United States Constitution, particularly under
the provision of the Fourth Amendment to the Constitution of the United States,
and under federal law, particularly the Civil Rights Act, Title of the United States
Code § 1983.

39.     This court had jurisdiction of this cause under the provisions of Title 28 of
the Unities States Code §§ 1331 and 1343.

40.     In doing the acts alleged in this complaint, defendants, OFFICER
BODNAR, OFFICER RODRIGUES, AND OFFICER HERWERK, acted under the
color of authority and pretense of the statutes, ordinances, regulations, customs,
and usages of defendant COUNTY OF RIVERSIDE and the State of California
and under the authority of their respective offices as police officers for the
COUNTY OF RIVERSIDE.

41.     On March 30, 2021, OFFICER BODNAR, OFFICER RODRIGUES, AND
OFFICER HERWERK, initiated contact with plaintiff, JAMARI CARTER.
Plaintiff did not present any danger to the officers or anyone else, yet he was
pulled over by four police cars and six police officers, and two of them had gun
pointed at him. The defendants, OFFICER BODNAR, OFFICER RODRIGUEZ,
AND OFFICER HERWERK took him out of his car, unlawfully detained him,
without probable cause and unlawfully searched his car for guns, constituting an
unreasonable search and seizure.

42.     As a result, the use of excessive force, by holding him at gun point, upon the
plaintiffs was objectively unreasonable and totally without justification and done
with a deliberate indifference to the plaintiff's rights. The plaintiff suffered
physical, mental, and emotional injuries as a result of the excessive force used by
the involved officers against the plaintiff.

43.     The conduct of the defendants as described above deprived the plaintiff's right to be secure in their person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution.

44.     During the course of this detention, defendants, and each of them, conspired to and in fact did deprive the plaintiff of their rights guaranteed by the Fourth Amendment to the U.S. Constitution. All of the rights of the plaintiff, as set forth, were violated by defendants and each of them by the use of excessive, unreasonable and unnecessary force upon the person of the plaintiff.

45.     On April 6, 2021, OFFICER BODNAR, initiated contact with CARTER on a dirt road behind his house. OFFICER BODNAR physically move his car Infront of CARTER's car to block his way. OFFICER BODNAR, question CARTER with not reasonable cause and detained him. Eventually letting him go with his son. This demonstrates the constate harassment for the Officers of Riverside County.

46.     As a result of unlawfully detaining CARTER without justification, the plaintiff suffered mental and emotional injuries.

47.     The conduct of defendants was willful, wanton, malicious, and one with an evil motive and intent and a reckless disregard for the rights and safety of the plaintiffs, and therefore warrant the imposition of exemplary and punitive damages as to defendants OFFICER BODNAR, OFFICER RODRIGUEZ, and OFFICER HERWERK, inclusive, but not to any public entities.

**VI.**

**SECOND CAUSE OF ACTION**

**VIOLATIONS OF PLAINTIFF'S SUBSTANTIVE DUE PROCESS RIGHTS AND GIVING EQUAL PROTECTION UNDER THE COLOR OF LAW, AND AGAINST DISCRIMINATION, UNDER THE FOURTEENTH AMENDMENT**

(AGAINST DEFENDANTS OFFICER BODNAR,

OFFICER RODRIGUEZ, and OFFICER HERWERK)

48.     Plaintiffs re-allege and incorporates by reference all factual contents of paragraphs 1 through 47, and incorporates them herein as though set forth at length in their entirety.

49.     In doing the acts alleged in this complaint, defendant OFFICER MONGES, OFFICER BODNAR, OFFICER RODRIGUES, AND OFFICER HERWERK, acted under the color of authority and pretense of the statutes, ordinances, regulations, customs, and usages of defendant COUNTY OF RIVERSIDE and the State of California and under the authority of their respective offices as police officers for the COUNTY OF RIVERSIDE.

50.     Plaintiffs are at all times described in this complaint a resident of the County of Riverside, State of California, and possess a cognizable interest under the due process clause of the Fourteenth Amendment of the United States Constitution to have the same protection under the law, to be free from deliberately indifferent state action, discrimination, unreasonable seizures, and objectively unreasonable and excessive force.

51.     On August 19, 2020, OFFICER MONGES initiated contact with the plaintiffs, CATHERINE MENDEZ, AND JAMARI CARTER. Defendant comments to "move out" of their home was racially discriminatory. He falsified the police report and failed to file the charges with the DA's office for further review, constituting in discrimination and denying equal protection under the law.

52.     As a result of discrimination and denying equal protecting under the law, CATHERINE MENDEZ and JAMARI CARTER, suffered physical, mental and emotional injuries.

53.     The conduct of the defendant as described above deprived the plaintiff's right to equal protection under the law and against discrimination as guaranteed to him under the Fourteenth Amendment to the United States Constitution.

54.     On May 23, 2021, defendant, OFFICER HERWERK deprived the plaintiffs.

1    CATHERINE MENDEZ and JAMARI CARTER, of equal rights under the
2    protection of law by trying to detour Carter and Mendez from filing criminal
3    charges against their attackers.
4    55.    As a result of discrimination and denying equal protecting under the law,
5    CATHERINE MENDEZ and JAMARI CARTER, suffered physical, mental and
6    emotional injuries.
7    56.    On March 30, 2021 defendants, OFFICER BODNAR, OFFICER
8    RODRIGUES, AND OFFICER HERWERK, racially profiled and discriminated
9    against plaintiff, JAMARI CARTER, stopped his vehicle by gun point and falsely
10   detained him, violating his Fourth Amendment.
11   57.    On April 6, 2021 defendant, OFFICER BODNAR, again harassed plaintiff,
12   JAMARI CARTER, and unlawfully detained him, violating his Fourth
13   Amendment.
14   58.    On September 1. 2021, during the eviction protection laws during the
15   Coronavirus Pandemic of 2020, Riverside County served, plaintiffs CATHERINE
16   MENDEZ, JAMARI CARTER, AND CHASITY DOLL, with an unlawful eviction,
17   discriminating against them.
18   59.    The conduct of the defendant as described above deprived the plaintiffs
19   right to equal protection under the law and against discrimination as guaranteed
20   to him under the Fourteenth Amendment to the United States Constitution.
21   60.    Defendants OFFICER MONGES, OFFICER BODNAR, OFFICER
22   RODRIGUEZ, and OFFICER HERWERK, inclusive, acting under color of
23   authority as deputy sheriffs of the COUNTY OF RIVERSIDE deprived the
24   plaintiffs of their rights under the Fourteenth Amendment to the U.S.
25   Constitution when said defendant maliciously, unreasonably and without
26   justification subjected plaintiffs CATHERINE MENDEZ, JAMARI CARTER, AND
27   CHASITY DOLL, to discrimination and demonstrated a deliberate indifference to
28   the health and well-being of the plaintiffs.

61.     Said allegations was also a direct and proximate result of the policies, procedures, customs and practices of the County of Riverside Sheriffs Department and of defendant, COUNTY OF RIVERSIDE's deliberate indifference to the violation of civil rights caused by said policies, procedures, customs and practices, as set forth below.

62.     As a result of the conduct of the defendants, defendants OFFICER MONGES, OFFICER BODNAR, OFFICER RODRIGUEZ, and OFFICER HERWERK, plaintiffs suffered injuries and damages.

63.     The application of excessive of discrimination, excessive force and denying the same protection under the law of plaintiffs, CATHERINE MENDEZ, JAMARI CARTER, AND CHASITY DOLL, by the defendant officers was not a good faith effort to restore discipline or order. The misconduct of the defendants was precipitated and motivated by racial animus.

64.     As a direct result and proximate result of the aforementioned, OFFICER MONGES, OFFICER BODNAR, OFFICER RODRIGUEZ, and OFFICER HERWERK, inclusive, violated the Constitutional rights of the plaintiffs under the Fourteenth Amendment to not be subjected to deliberate indifference of his health, safety, and well-being.

65.     As a direct and proximate cause of the acts of defendants, and each of them, the plaintiffs suffered extreme and severe mental anguish and pain and have been injured in the mind and body all to plaintiff's general damages, which is hereby sought. Plaintiff CATHERINE MENDEZ, JAMARI CARTER, AND CHASITY DOLL, are also claiming medical expenses for treatment there are receiving and continues to receive.

66.     The aforementioned acts of the defendants, defendants OFFICER MONGES, OFFICER BODNAR, OFFICER RODRIGUEZ, and OFFICER HERWERK, were willful wanton malicious and oppressive thereby justifying the awarding of exemplary and punitive damage as to each of these individual

1 | defendants by not as to any public entity.

2 | **VII.**

3 | **THIRD CAUSE OF ACTION**

4 | **MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOMS AND**

5 | **PRACTICES THAT RESULTED IN CONSTITUTUINAL DEPREIVATION**

6 | (AGAINST DEFENDANTS COUNTY OF RIVERSIDE AND OFFICER MONGES,

7 | OFFICER BODNAR, OFFICER RODRIGUEZ, and OFFICER HERWERK)

8 | 67.     Plaintiff re-alleges and incorporates by references all factual contents of

9 | paragraphs 1 through 66 and incorporates them herein as though set forth at

10 | length in their entirety.

11 | 68.     On August 19, 2020, May 23, 2021, March 30, 2021, April 6, 2021,

12 | September 1, 2021, defendants COUNTY OF RIVERSIDE and OFFICER

13 | MONGES, OFFICER BODNAR, OFFICER RODRIGUEZ, and OFFICER

14 | HERWERK, deprived plaintiffs, CATHERINE MENDEZ, JAMARI CARTER,

15 | AND CHASITY DOLL, of the rights and liberties secured to them by the Fourth

16 | and Fourteenth Amendments to the United States Constitution, in that said

17 | defendants and their supervising and managerial employees, agents, and

18 | representatives, acting with gross negligence and with reckless and "deliberate

19 | indifference" to the rights and liberties of the public in general, and of the

20 | plaintiffs and of person in his class, situation and comparable position in

21 | particular, knowingly maintained, enforced and applied an official recognized

22 | COUNTY OF RIVERSIDE custom, policy and practice of :

23 |        a.  Employing and retaining as deputy sheriffs and other personal,

24 |            defendants OFFICER MONGES, OFFICER BODNAR, OFFICER

25 |            RODRIGUEZ, and OFFICER HERWERK, inclusive, who

26 |            defendant COUNTY OF RIVERSIDE at all times material herein

27 |            knew or reasonably should have known had dangerous

28 |            propensities for abusing their authority and for mistreating

suspects by failing to follow written COUNTY OF RIVERSIDE
Police Department policies, thereby subjecting civilians such as
CATHERINE MENDEZ, JAMARI CARTER, AND CHASITY
DOLL, to cruel and unusual punishment, in violation of the
Constitution of the United States of America.

b. Of inadequately supervising, training, controlling, assigning, and
disciplining the COUNTY OF RIVERSIDE police officers and other
COUNTY OF RIVERSIDE personnel, including OFFICER
MONGES, OFFICER BODNAR, OFFICER RODRIGUEZ, and
OFFICER HERWERK, inclusive, who defendants, COUNTY OF
RIVERSIDE and OFFICER MONGES, OFFICER BODNAR,
OFFICER RODRIGUEZ, and OFFICER HERWERK, each knew
or in the exercise of reasonable care should have known had the
aforementioned propensities and character traits;

c. By maintain grossly inadequate procedures for reporting,
supervising, investigating, reviewing, disciplining, and controlling
the intentional misconduct by the defendants, OFFICER
MONGES, OFFICER BODNAR, OFFICER RODRIGUEZ, and
OFFICER HERWERK, and who COUNTY OF RIVERSIDE police
officers.

d. By having and maintaining an unconstitutional custom and
practice not giving the same protection under the color of law and
of using excessive force, including deadly force and detaining and
arresting individual without probable cause. The custom of
practice if using deadly force by the COUNTY OF RIVERSIDE
was done with a deliberate indifference to the individuals' safety
and rights.

69.   By reason of the aforementioned policies and practices of the defendants,

1   COUNTY OF RIVERSIDE and OFFICER MONGES, OFFICER BODNAR,

2   OFFICER RODRIGUEZ, and OFFICER HERWERK, plaintiffs, CATHERINE

3   MENDEZ, JAMARI CARTER AND CHASITY DOLL, were severely injured and

4   subjected to unacceptable cruel and castigating pain and suffering, which was also

5   caused by the aforementioned policies and practices hereunder described all to

6   plaintiffs' damages as described elsewhere herein.

7   70.    Defendants COUNTY OF RIVERSIDE AND OFFICER MONGES,

8   OFFICER BODNAR, OFFICER RODRIGUEZ, and OFFICER HERWERK,

9   together with various other officials, whether named or unnamed, had either

10   actual or constructive knowledge of the deficient policies, practices and customs

11   alleged in the paragraphs above. Despite having knowledge as stated above these

12   defendants condoned, tolerated and through actions and inactions thereby ratified

13   such policies. Said defendants also acted with deliberate indifference to the

14   foreseeable effects and consequences of these policies with respect to the

15   Constitutional rights of CATHERINE MENDEZ, JAMARI CARTER AND

16   CHASITY DOLL, and other individual similarly situated.

17   71.    By perpetrating, sanctioning, tolerating and ratifying the outrageous

18   conduct and the other wrongful acts, defendants, and each of them, acted with an

19   intentional, reckless and callous disregard for the health, safety, and welfare of

20   the plaintiffs, and their Constitutional as well as human rights. Defendants and

21   each of their action were willful, wanton, oppressive, malicious, fraudulent, and

22   extremely offensive and unconscionable to any person of normal sensibilities.

23   72.    Furthermore, the policies, practices and customs implemented and

24   maintained and still tolerated by defendants, COUNTY OF RIVERSIDE, and

25   various officials and supervisory personnel within these agencies were

26   affirmatively linked to and were a significantly influential force behind the

27   injuries suffered by plaintiffs CATHERINE MENDEZ, JAMARI CARTER, AND

28   CHASITY DOLL.

By reason of the aforementioned acts and omissions of defendants and each of them, plaintiffs suffered damages, in an amount to be established at trial.

73.    The aforementioned acts of all defendants OFFICER MONGES, OFFICER BODNAR, OFFICER RODRIGUEZ, and OFFICER HERWERK, inclusive, was done by each individual defendants knowingly, intentionally and maliciously for the purpose of harassments, oppression and inflicting injuries, including mental and emotional distress, upon plaintiffs CATHERINEMENDEZ, JAMARI CARTER, AND CHASITY DOLL, and in reckless disregard of plaintiff's safety, security, and civil rights and by reason thereof, plaintiffs' claims exemplary and punitive damages from defendants OFFICER MONGES, OFFICER BODNAR, OFFICER RODRIGUEZ, and OFFICER HERWERK, according to proof at trial.

1    **WHEREFORE,** Plaintiffs prays for judgment against defendants,
2    and each of them, jointly and severally as follows:
3         For general damages according to proof;
4         For special damages according to proof;
5         Exemplary damages, but only against each of the individual
6         defendants, according to proof;
7         Pre-judgment interest;
8         For cost incurred herein, and for further relief as the Court may
9         deem just and proper.
10
11
12
13
14   Dated: March 12, 2022
15
16                                        Catherine Mendez
17                                        Plaintiff Pro Per
18
19
20
21
22
23
24
25
26
27
28

1

## **Demand For Jury Trial**

2

3   Plaintiffs ask for trial by jury.

4

5

6

7

8

9

10

11

12          Dated: March 12, 2022

13

14                                              Catherine Mendez

15                                              Plaintiff Pro Per

16

17

18

19

20

21

22

23

24

25

26

27

28